IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 0 1 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

| | |
|---|---|
| JIM L. NANCE,<br>　　Plaintiff, | Civil Action No.7:07-cv-00208 |
| v. | MEMORANDUM OPINION |
| JOHN BROWNLEE, ET AL.,<br>　　Defendants. | By: Hon. James C. Turk<br>Senior United States District Judge |

Plaintiff Jim L. Nance, a federal inmate proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, asserting that jurisdiction is vested pursuant to 28 U.S.C. §§ 1331 and 1361.[1] Nance sues United States Attorney John Brownlee, Assistant United States Attorney Thomas Ekert, and the Clerk of this court, seeking production of various documents and items of evidence related to his 1993 conviction for murdering a postmistress in the course of her duties. Inasmuch as Nance names federal officials personally as defendants and asserts that he has some federal right to obtain the information that he seeks, the court construed and filed his complaint as a civil rights complaint against a federal official in his individual capacity, pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). As Nance has not submitted the necessary $350.00 filing fee for a civil action, the court will also construe his pleading as a request to proceed in forma pauperis. Upon review of court records, the court finds that Nance's application for in

---

[1] Nance submitted his pleading under Case No. 92-cr-0135-R, the case number of his criminal proceedings. The court is not aware of any authority, however, by which an inmate may proceed under civil statutes within a criminal case and so filed Nance's submission as a separate civil action. Nance's citation of 28 U.S.C. § 1361 implies that he seeks mandamus relief as well. As he fails to demonstrate any ground on which he is entitled to obtain the materials he seeks in this lawsuit, however, he is clearly not entitled to mandamus relief. Mallard v. United States Dist. Court, 490 U.S. 296, 309 (1989) (finding that party seeking mandamus relief carries heavy burden of showing he has no other adequate means of relief and that his right to the relief sought is "clear and indisputable").

1

forma pauperis must be denied and that the action must be dismissed without prejudice under 28 U.S.C. §1915(g).

Section 1915(g), enacted as part of the Prison Litigation Reform Act of 1996 ("PLRA"), provides that a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Court records indicate that Nance has had at least three civil actions dismissed for failure to state a claim. See Nance v. Caldwell-Bono, Civil Action No. 7:00cv-00127 (W.D. Va. March 23, 2000)(dismissed under §1915A(b)(1) for failure to state a claim); Nance v. Crouch, Civil Action No. 7:98-cv-00176 (W.D. Va. April 23, 1998)(dismissed under §1915(e)(2) for failure to state a claim); Nance v. Reno, Civil Action No. 99-cv-03414 (D.C. D. January 27, 2000)(summarily filed and dismissed for failure to state a claim upon which relief can be granted). The court thus finds that Nance has at least three "strikes" within the meaning of §1915(g). Therefore, the court also finds that he cannot proceed with this civil action or any other civil action without prepayment of the $350.00 filing fee unless he demonstrates that he is "under imminent danger of serious physical injury" relative to the claims raised in his complaint. §1915(g). Nance has made no showing whatsoever that he is under any danger of physical harm relative to his current claims against the defendants. Based on the foregoing, the court shall deny Nance's implicit request to proceed without prepayment of the civil filing fee, pursuant to §1915(g).

Nance also fails to fails to demonstrate that he has any right under the Constitution or other

2

federal law entitling him to obtain the materials he seeks in this case.[2]  Accordingly, rather than maintain this case on the docket to allow Nance an opportunity to prepay the fee, the court finds it appropriate to dismiss the case summarily without prejudice, pursuant to § 1915(g). An appropriate order shall be entered this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to parties.

ENTER: This __1st__ day of ~~April~~ May, 2007.

/s/ James C. Turk
Senior United States District Judge

---

[2] In support of his demands, Nance cites Harvey v. Horan, 278 F.3d 370, 376 (4th Cir. Jan. 23, 2002), pet. for reh'g den., 285 F.3d 298 (4th Cir. Mar. 28, 2002). This case constradicts, rather than supports, Nance's claims, however. All the judges on the panel in the Harvey case agreed that the plaintiff in that case could not use a § 1983 action to obtain additional DNA testing of evidence from his criminal trial in hopes of proving his innocence.  See also Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

3